## IN THE UNITED STATES DISTRICT COURT OF ILLINOIS
## FOR THE NORTHERN DISTRICT
## EASTERN DIVISION

| | |
|---|---|
| EMPLOYERS MUTUAL CASUALTY COMPANY, an Iowa corporation, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No. 10 cv 02173 |
| SELLERGREN BROTHERS, INC., MICHAEL H. SELLERGREN, JOAN E. SELLERGREN, ROBERT C. SELLERGREN and PATRICIA SELLERGREN, | ) ) ) ) ) ) |
| Defendants. | ) |

### EMPLOYERS MUTUAL CASUALTY COMPANY'S
### MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Plaintiff, Employers Mutual Casualty Company ("EMC"), by and through its attorneys, Grace Winkler Cranley and Michele L. Killebrew of the law firm of Leo & Weber, P.C., submits this Memorandum in Support of its Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure against Defendants Sellergren Brothers, Inc. ("Sellergren Brothers"), Michael H. Sellergren, Joan E. Sellergren, Robert C. Sellergren and Patricia Sellergren (hereinafter collectively referred to as "Defendants" or "Indemnitors").

EMC is entitled to summary judgment on its indemnity complaint against Defendants pursuant to the terms of the General Application and Agreement of Indemnity ("Indemnity Agreement"). Defendants each signed the Indemnity Agreement.[1] The terms of the Indemnity Agreement require, among other things, for Defendants to indemnify EMC from any and all

liability for losses incurred in the issuance of the Bonds and to indemnify EMC for losses incurred in enforcing the terms of the Indemnity Agreement.[2] EMC has incurred losses totaling $123,069.64 as a result of paying claims arising out of the Bonds, investigating Bond claims and in enforcing the Indemnity Agreement.[3] No question of material fact exists regarding Defendants liability to EMC under the Indemnity Agreement and therefore, summary judgment for EMC is proper.

## I.
## FACTUAL BACKGROUND

Sellergren Brothers performed work which required that entity to provide surety bonds to guarantee its respective obligations including wage and welfare obligations for unions.[4] Pursuant to the request of Defendants, EMC, as surety, issued various bonds (the "Bonds") to various entities as obligees, on behalf of Sellergren Brothers, as principal.[5]

As a condition for EMC's issuance of bonds on behalf of Sellergren Brothers, EMC required the Defendants to enter into the Indemnity Agreement with EMC on or about March 14, 2006.[6] Pursuant to the terms of the Indemnity Agreement, Defendants agreed to indemnify EMC from any and all liability for losses EMC incurs in the issuance of the Bonds and in the enforcement of the Indemnity Agreement.[7]

---

[1] See Rule 56.1 Statement, ¶ 12.
[2] Rule 56.1 Statement, ¶ 13.
[3] Rule 56.1 Statement, ¶ 17.
[4] Rule 56.1 Statement, ¶ 9.
[5] Rule 56.1 Statement, ¶ 10.
[6] Rule 56.1 Statement, ¶ 11.
[7] Rule 56.1 Statement, ¶ 13.

EMC received claims on certain bonds and requested that Defendants indemnify, hold EMC harmless and reimburse EMC for payments made on claims.[8] As of August 24, 2010, EMC has incurred losses in connection with the Bonds it issued on behalf of the Indemnitors totaling $115,000.00 plus $8,069.64 in attorney's fees, costs and expenses.[9] As of the date of the filing of this memorandum, Defendants have not indemnified nor reimbursed EMC and EMC continues to have exposure on the Bonds.[10] Since and after August 24, 2010, EMC will continue to incur attorneys' fees and expenses that are recoverable under the Indemnity Agreement.[11]

## II.
## STANDARD OF REVIEW

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[12]

By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment.[13] Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.[14] Disputes over material facts are genuine only if evidence is such that a reasonable jury could return a verdict for the

---

[8] Rule 56.1 Statement, ¶ 15.
[9] Rule 56.1 Statement, ¶ 17.
[10] Rule 56.1 Statement, ¶ 16.
[11] Rule 56.1 Statement, ¶ 18.
[12] Federal Rule of Civil Procedure, 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).
[13] *Id.*
[14] *Id.*

non-moving party.[15] The plain language of Rule 56(c) mandates the entry of summary judgment against a party who fails to establish the existence of an element essential to its case and on which the party will bear the burden of proof at trial.[16] Summary judgment is an appropriate method of resolving disputes concerning indemnification agreements.[17] The pleadings, allegations and admissions in this case establish there exists no question of material fact regarding Defendants' liability to EMC. Summary judgment should be granted to EMC.

## III.
## ARGUMENT
### A.
### Defendants are in Default of the Indemnity Agreement

There is no dispute as to the following facts: (1) Defendants entered into and voluntarily agreed to the terms of the Indemnity Agreement in favor of EMC[18]; (2) the provisions of the Indemnity Agreement provide that Defendants shall hold EMC harmless and secure EMC from any and all liabilities, losses and expenses of whatsoever kind and nature in resolving claims on bonds issued on behalf of EMC and in enforcing the Indemnity Agreement[19]; and (3) EMC has incurred losses and expenses in paying claims arising out of the Bonds, investigating Bond claims and in enforcing the Indemnity Agreement.[20] Despite demands, Defendants have not indemnified EMC.[21]

---

[15] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).
[16] *Anderson*, 477 U.S. at 252.
[17] *United States Fidelity & Guaranty Co. v. Feibus*, 15 F.Supp.2d 579, 581(M.D.Pa. 1998) citing *Gundle Lining Constr. Corp. v. Adams County Asphalt, Inc.*, 85 F.3d 201 (5th Cir. 1996); *Commercial Ins. Co. of Newark v. Pacific Peru Constr. Corp.*, 558 F.2d 948 (9th Cir. 1977); *Continental Cas. Co. v. American Sec. Corp.*, 443 F.2d 649 (D.C.Cir. 1970).
[18] Rule 56.1 Statement, ¶ 12.
[19] Rule 56.1 Statement, ¶ 13.
[20] Rule 56.1 Statement, ¶ 17.
[21] Rule 56.1 Statement, ¶ 16.

It is well-settled under Illinois law that indemnity agreements are contracts and, as such, are to be construed like any other contract.[22] In construing indemnity contracts, the primary focus is to give effect to the intention of the parties.[23] This is especially so when the intent of the parties is clear and unambiguous.[24] A surety is entitled to stand on the language of the contract.[25] In Illinois, as well as other jurisdictions, indemnity agreements entered into between a principal and surety are valid and enforceable.[26] Where any indemnity contract provides that the indemnitor will reimburse the indemnitee for all loss, damages, expense, costs and attorney's fees incurred, the indemnitee is entitled to recover reasonable attorneys' fees incurred by it.[27] An indemnitee has the right to settle claims against it and then sue the indemnitor for reimbursement.[28]

Here, the terms of the Indemnity Agreement are clear and unambiguous. The Indemnity Agreement provides, in part:

> **"Section 2 – INDEMNITY**
> The Undersigned shall exonerate, indemnify, and keep indemnified the Surety from and against any and all liability for losses and/or expenses of whatsoever

---

[22] *Hanover Ins. Co. v. Smith,* 182 Ill.App.3d 793, 538 N.E.2d 710 (1st Dist. 1989), *aff'd,* 137 Ill.2d 304, 561 N.E.2d 14 (Ill. 1990). *See also United Fire and Cas. Co. v. Bartlett Bituminous Asphalt, LLC*, Case No 06 C 996, 2008 WL 373219, (N.D.Ill. Feb. 12, 2008); *The Hanover Ins. Co. v. Clark*, Case No. 05 C 2162, 2006 WL 2375428 (N.D.Ill. Aug. 15, 2006); *Travelers Cas. and Sur. Co. v. P.B. Verdico, Inc.*, Case No. 03 C 6985, 2004 WL 3030169 (N.D.Ill. Dec. 29, 2004); *North American Specialty Ins. Co. v. Alexandria Trucking Underground Const., Inc.*, Case No. 02 C 0487, 2003 WL 260709 (N.D.Ill. Jan. 29, 2003).
[23] *Smith,* 538 N.E.2d at 712; *Clark,* 2006 WL 2375428 at *4; *P.B. Verdico, Inc.*, 2004 WL 3030169 at *4.
[24] *Sutton Place Development Co. v. Bank of Commerce & Industry*, 149 Ill.App.3d 513, 501 N.E.2d 143 (Ill.App. 1st Dist. 1986). *See also United States Fid. & Guar. Co. v. Klein Corp.,* 190 Ill.App.3d 250, 558 N.E.2d 1047 (Ill.App. 1st Dis. 1990); *Bartlett Bituminous,* 2008 WL 373219 at *6; *P.B. Verdico, Inc.*, 2004 WL 3030169 at *4.
[25] *Fidelity and Deposit Co. v. Bristol Steel & Iron Works, Inc.,* 722 F.2d 1160 (4th Cir.1983).
[26] Smith, 538 N.E.2d at 712; Clark, 2006 WL 2375428 at *4. *See also Central National Ins. Co., v. Whitehall Const., Inc., et al.,* Case No. 86 C 7167, 1988 WL 23789 (N.D.Ill. March 4, 1988); *Fidelity & Deposit Co. Of Maryland v. Bristol Steel & Iron Works, Inc*., 722 F.2d 1160 (4th Cir. 1983); *Commercial Ins. Co. of Newark, N.J. v. Pacific-Peru Const. Co.,* 558 F.2d 948 (9th Cir. 1977).
[27] *P.B. Verdico, Inc.*, 2004 WL 3030169 at *4. *See also John J. Colnan Co. v Talsma Builders, Inc*., 77 Ill.App.3d 221, 395 N.E.2d 1076 (Ill.App. 1st Dist. 1979).
[28] *See Boston v. Old Orchard Business District, Inc.*, 26 Ill.App.2d 324, 168 N.E.2d 52 (1st Dist. 1960).

kind or nature (including, but not limited to interest, court costs and counsel fees) and from and against any and all such losses and/or expenses which the Surety may sustain and incur: (1) By reason of having executed or procured the execution of the Bonds; (2) By reason of the failure of the Principal or the Undersigned to perform or comply with the covenants and conditions of this Agreement or (3) In enforcing any of the covenants and conditions of this Agreement. Payment by reason of the aforesaid causes shall be made to the Surety by the Undersigned as soon as liability exists or is asserted against the Surety whether or not the Surety, shall have made any payment therefore…"[29]

EMC received claims on the Bonds.[30] EMC investigated and paid these claims and as a result, incurred losses totaling $123,069.64 as of August 24, 2010.[31] EMC has demanded and requested that Defendants indemnify and hold EMC harmless for the claims on the Bonds and post collateral in accordance with the terms of the Indemnity Agreement.[32] Defendants have not indemnified EMC, nor posted any collateral.[33] Since and after August 24, 2010, EMC will continue to incur attorneys' fees and expenses that are recoverable under the Indemnity Agreement.[34] EMC is entitled to be reimbursed for the attorneys and consulting fees it has currently paid.[35]

Pursuant to the plain language of the Indemnity Agreement and the law, Defendants are liable to EMC in the amount of $123,069.64.[36] EMC continues to incur additional costs and expenses.[37]

### B.
### The affidavit submitted by EMC is p*rima facie* evidence of the amount of Defendants' liability to EMC.

---

[29] Rule 56.1 Statement, ¶ 13.
[30] Rule 56.1 Statement, ¶ 15.
[31] Rule 56.1 Statement, ¶ 17.
[32] Rule 56.1 Statement, ¶ 16.
[33] Rule 56.1 Statement, ¶ 16.
[34] Rule 56.1 Statement, ¶ 18.
[35] Rule 56.1 Statement, ¶ 13.
[36] Rule 56.1 Statement, ¶ 13.
[37] Rule 56.1 Statement, ¶ 18.

Pursuant to the Indemnity Agreement, Ruta Krumins' affidavit is *prima facie* evidence of the fact and amount of the Defendants' liability to EMC.[38] Illinois and other courts have held that a *prima facie* evidence provision, such as the one contained in the Indemnity Agreement, satisfies the burden of a surety proving damages and costs. In *U.S. Fidelity and Guar. Co. v. Klein,* the Illinois Appellate Court affirmed the trial court's determination of the surety's damages, stating that the evidence produced by the surety was *prima facie* and satisfied the surety's burden of proof for damages.[39] The appellate court affirmed the trial court's finding that the surety's vouchers are proof of the fact and amount of the indemnitors' liability to the surety.[40]

The Indemnity Agreement provides, in part, the following:

**"Section 2 – INDEMNITY**

…The Surety may pay or compromise any claim, demand, suit, judgment or expense arising out of such bond or bonds and any such payment or compromise shall be binding upon the Undersigned and included as a liability, loss or expense covered by this Indemnity Agreement. In the event of any such payment or compromise by the Surety, an itemized statement thereof sworn to by an officer of the surety, or the voucher or vouchers of other evidence of such payment or

---

[38] Rule 56.1 Statement, ¶ 14.
[39] *U.S. Fidelity and Guar. Co. v. Klein Corp.*, 190 Ill. App. 3d 250, 558 N.E.2d 1047 (1st Dist. 1990).
[40] *Id. See also, Fidelity & Deposit Co. v. Refine Constr. Co.*, No. Civ. A 83-6894, 1984 WL 536 (S.D.N.Y June 27, 1984), *modified*, 1984 WL 19467 (S.D. N.Y Aug. 24, 1984); *American Motorists Ins. Co. v. United Furnace Co.*, 699 F.Supp. 46 (S.D. N.Y. 1988), *rev'd on other grounds*, 876 F.2d 293 (2d Cir.1989); *Fidelity & Deposit Co. v. Lehigh Tile & Marble Co.*, No. Civ. A 85-5797, 1986 WL 13877 (D. N.J. Dec. 5, 1986); *Int'l Fidelity Ins. Co. v. United Constr. Inc.*, No. Civ. A 912-361, 1992 WL 111368 (E.D. Pa. May 15, 1992); *Curtis T. Bedwell & Sons Inc. v. Int'l Fidelity Ins. Co.*, No. Civ. A 83-5733, 1989 WL 55388 (E.D. Pa., May 23, 1989); *Fidelity & Deposit Co. v. Wu*, 552 A.2d 1196 (Vt. 1988); *Fidelity & Deposit Co. v. Fowler*, No. Civ. A 86-2142, 1986 WL 13147 (E.D. La. Nov. 10, 1986); *Buckeye Union Ins. Co. v Boggs*, 109 F.R.D. 420 (S.D. W.Va. 1986); *Transamerica Ins. Co. v. H.V.A.C. Contractors Inc.*, 857 F.Supp. 969 (N.D. Ga. 1994); *Amwest Surety Ins. Co. v. Szabo*, Case No. 00 C 2716, 2003 WL 21789033 (N.D. Ill. July 23, 2003); *Project Update 1995: Illustrative Provisions of a General Indemnity Agreement Taken in Connection with Contract Surety Bonds,* International Association of Defense Counsel, 62 Def.Couns.J. 259, 270-271 (1995).

compromise, shall be prima facie evidence of the fact and amount of the liability of the Undersigned under this Agreement."[41]

As testified to by Ruta Krumins in her affidavit, EMC has incurred, as of August 24, 2010, $123,069.64 in un-reimbursed losses and expenses that EMC expended in investigating and resolving the claims asserted against the Bonds and in enforcing the Indemnity Agreement.[42] Pursuant to the Indemnity Agreement and as a matter of law, the affidavit of Ruta Krumins is *prima facie* evidence of the amount of Defendants' liability to EMC.[43]

## IV.
## CONCLUSION

Based on the plain language of the Indemnity Agreement, the admissions on file and the affidavit of Ruta Krumins, it is undisputed that: (1) Defendants executed the Indemnity Agreement[44]; (2) EMC has incurred, as of August 24, 2010, an un-reimbursed total of $123,069.64 in losses in paying claims arising out of the Bonds, investigating Bond claims and in enforcing the Indemnity Agreement[45] and (3) Defendants have failed to indemnify EMC.[46] As a matter of law and pursuant to the plain language of the Indemnity Agreement, Defendants are liable to EMC in the amount of $123,069.64 for payments and costs incurred by EMC.[47]

WHEREFORE, Employers Mutual Casualty Company prays this Court enter an order providing judgment against Sellergren Brothers, Inc., Michael H. Sellergren, Joan E. Sellergren, Robert C. Sellergren and Patricia Sellergren in the amount of $123,069.64 plus costs and

---

[41] Rule 56.1 Statement, ¶ 14.
[42] Rule 56.1 Statement, ¶ 17.
[43] Rule 56.1 Statement, ¶ 14.
[44] Rule 56.1 Statement, ¶ 12.
[45] Rule 56.1 Statement, ¶ 17.
[46] Rule 56.1 Statement, ¶ 16.
[47] Rule 56.1 Statement, ¶ 13.

expenses incurred after August 24, 2010 and for such further relief as the Court deems just and appropriate.

**Employers Mutual Casualty Company**

By:\_\_\_/s/ Michele L. Killebrew_____
One of its Attorneys

Grace Winkler Cranley, ARDC #: 6215920
Michele Killebrew, ARDC #: 6289931
Leo & Weber, P.C.
One North LaSalle Street, Suite 3600
Chicago, Illinois 60602
312-857-0910

# **CERTIFICATE OF SERVICE**

      I hereby certify that on August 26, 2010 I caused copies of **Employers Mutual Casualty Company's Memorandum in Support of its Motion for Summary Judgment** to be filed pursuant to the Federal Rules of Civil Procedure and Local Rules with the Clerk of the United States District Court, Northern District of Illinois, Eastern Division, using the CM/ECF system which will send notice of filing electronically to the following:

      Lee F. DeWald
      Riebandt & DeWald, PC
      PO Box 1880
      Arlington Heights, IL 60006

                                         /s/ Michele Killebrew
                                         One of his Attorneys

Grace W. Cranley, ARDC # 6215920
Michele Killebrew, ARDC # 6289931
Leo & Weber, P.C.
One N. LaSalle St., Suite 3600
Chicago, Illinois 60602
(312) 857-0910