# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 2173 | **DATE** | 10/21/2010 |
| **CASE TITLE** | EMPLOYERS MUTUAL CASUALTY CO. v. SELLERGREN BROTHERS, INC. *et al.* | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for summary judgment [18] is granted in part. Summary judgment is entered against defendants as to liability for breach of contract. Summary judgment on the issue of attorneys' fees and costs is denied. The parties shall present their modified pretrial order on all remaining issues on December 6, 2010 at 9:00 a.m. The bench trial is set on December 10, 2010 at 9:00 a.m. **SEE BELOW FOR DETAILS.**

*Suzanne B. Conlon*

■ [ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

Employers Mutual Casualty Company ("Employers Mutual") sues Sellergren Brothers, Inc., Michael Sellergren, Joan Sellergren, Robert Sellergren, and Patricia Sellergren, seeking indemnification for expenses and claims paid on bonds it issued as a surety for Sellergren Brothers. The complaint raises claims of breach of contract (Count I), exoneration and *quia timet* (Count II), and specific performance (Count III). Employers Mutual moves for summary judgment on breach of contract. The defendants contest only damages, not liability.

Summary judgment is proper if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c)(2). Employers Mutual bears the initial burden of demonstrating it is entitled to summary judgment. *Ponsetti v. GE Pension Plan*, 614 F.3d 684, 691 (7th Cir. 2010). Then, defendants may not rest on the pleadings but must set forth specific facts showing a genuine issue for trial. *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010). A court may enter summary judgment on liability alone or find that some facts are undisputed without resolving the entire case. FED. R. CIV. P. 56(d).

The following facts are taken from Employers Mutual Casualty Co.'s Rule 56.1 Statement of Material Uncontested Facts ("Undisp. Facts") and are undisputed unless otherwise noted. Employers Mutual issued several bonds on behalf of Sellergren Brothers to guarantee certain obligations. Undisp. Facts ¶¶ 9-10. An indemnity agreement in favor of Employers Mutual was signed by Michael Sellergren as president of Sellergren Brothers and by Michael, Joan, Robert, and Patricia Sellergren individually. *Id.* ¶ 12; Compl., Ex. B p. 6. The agreement provides that defendants shall indemnify Employers Mutual "for losses and/or expenses of whatsoever kind or nature (including, but not limited to interest, court costs and counsel fees)" it incurs in executing the bonds, enforcing the agreement, or on account of defendants' failure to comply with the

| | Courtroom Deputy Initials: | AIR |
|---|---|---|

agreement. Undisp. Facts ¶ 13. If Employers Mutual pays a claim on a bond, the payment is binding on defendants. *Id.* ¶ 14. The agreement states, "In the event of any such payment or compromise by the Surety, an itemized statement thereof sworn to by an officer of the surety, or the voucher or vouchers of other evidence of such payment or compromise, shall be prima facie evidence of the fact and amount of the liability of the Undersigned under this Agreement." *Id.*

Defendants admit Employers Mutual received claims on bonds and requested reimbursement from them for those claims. Defs.' Resp. ¶ 15. They also admit they have not reimbursed Employers Mutual. *Id.* ¶ 16. They assert, however, that Employers Mutual "has never provided evidence of payments made in furtherance of the Indemnity Agreement." *Id.* As proof of payment, Employers Mutual submitted an affidavit from Ruta Krumins, a bond claims adjuster, who attested that Employers Mutual paid $115,000 in claims on the bonds and incurred $8,069.64 in attorneys' fees, consulting fees, costs and expenses. Undisp. Facts, Ex. 3 ¶¶ 1, 8 ("Krumins Aff."). She attached a table listing the bonds issued on behalf of Employers Mutual and the amount paid on each. Krumins Aff., Ex. A. She did not breakdown the amounts requested for fees, costs, and expenses.

Under Illinois law, indemnity agreements are treated like any other contract. *Mountbatten Sur. Co., Inc. v. Szabo Contracting, Inc.*, 812 N.E.2d 90, 100 (Ill. App. Ct. 2004). Courts seek to effectuate the parties' intent. *Hanover Ins. Co. v. Smith*, 538 N.E.2d 710, 712 (Ill. App. Ct. 1989). When the language is clear and unambiguous, courts rely solely on the agreement itself to discern the parties' intent. *Gardner v. Padro*, 517 N.E.2d 1131, 1133 (Ill. App. Ct. 1987).

Defendants argue Krumins' affidavit is not competent admissible evidence of damages because it is not based on vouchers, photocopies of checks, or payment acknowledgments and otherwise lacks foundation. Defendants assert the attorneys' fee request is inadequate because Employers Mutual submitted nothing in support of the request. Employers Mutual replies that Krumins' affidavit satisfies the provision in the agreement allowing as *prima facie* evidence of damages a sworn itemized statement of payments.[1] Employers Mutual concludes that because defendants have not submitted evidence to rebut Krumins' affidavit, summary judgment on damages is appropriate.

Under the indemnity agreement, the itemized statement attached to Krumins' affidavit is sufficient *prima facie* evidence of the amount Employers Mutual paid on the bonds. *See* Compl., Ex. B § 2; Krumins Aff. ¶ 3, Ex. A. Illinois courts uphold contract provisions stating what constitutes *prima facie* evidence of damages. *U.S. Fid. & Guar. Co. v. Klein Corp.*, 558 N.E.2d 1047, 1052 (Ill. App. Ct. 1989); *U.S. Fid. & Guar. Co. v. Connors*, 222 Ill. App. 1, 1921 WL 1801, at *9-10 (Ill. App. Ct. 1921). The indemnity agreement allows Employers Mutual to prove damages by either vouchers *or* a sworn itemized statement. Compl., Ex. B § 2. It does not require both.

Krumins' affidavit is competent evidence of the bond payments. No rule of evidence requires a "foundation" for evidence to be admissible. *A.I. Credit Corp. v. Legion Ins. Co.*, 265 F.3d 630, 637-38 (7th Cir. 2001). Instead, evidence must be relevant and based on personal knowledge. *See* FED. R. EVID. 402, 602. The amount paid on claims is central to the lawsuit and thus relevant. Krumins attests she has been responsible for managing the bond claims involving defendants, thus establishing that she has personal knowledge. *See*

---

[1] Employers Mutual attaches to its reply memorandum copies of the checks issued on the bonds. Defendants have not had a chance to respond, so the court will not consider the checks. *Mathis v. Fairman*, 120 F.3d 88, 91 (7th Cir. 1997).

# STATEMENT

*Safeco Ins. Co. v. Siciliano, Inc.*, No. 06-3162, 2009 WL 212081, at *6-7 (C.D. Ill. 2009) (Scott, J.) (finding admissible affidavit of surety company's officer based on personal knowledge of losses). It is unclear whether Krumins, a claims adjuster, is an "officer" of Employers Mutual. But defendants do not raise this argument, and therefore it is waived. *Metzger v. Ill. State Police*, 519 F.3d 677, 681-82 (7th Cir. 2008). Defendants have submitted no evidence to rebut the amount Employer Mutual paid on the claims. Therefore, it is undisputed that defendants owe $115,000 to reimburse Employer Mutual for the claims paid.

Krumins' affidavit is insufficient to establish the amount of attorneys' fees and costs Employer Mutual is entitled to. The indemnity agreement requires an itemized statement in order to establish *prima facie* evidence of damages. Compl., Ex. B § 2. Krumins gives only a lump figure. Krumins Aff. ¶ 8. Therefore, Employers Mutual has not met its burden to show it is entitled to summary judgment on the issue of attorneys' fees and costs.

*Suzanne B. Conlon* [signature]